Filed 10/30/23  In re Daisy B. CA2/7

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SEVEN

| | |
|---|---|
| In re DAISY B. et al., Persons Coming Under the Juvenile Court Law. | B327065 (Los Angeles County Super. Ct. No. 22CCJP04379A-B) |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>EDEN B.,<br><br>Defendant and Appellant. | |

APPEAL from orders of the Superior Court of Los Angeles County, Daniel Zeke Zeidler, Judge.  Dismissed as moot.

Law Offices of Vincent W. Davis & Associates and Vincent W. Davis for Defendant and Appellant.

Dawyn R. Harrison, County Counsel, Kim Nemoy, Assistant County Counsel, Veronica Randazzo, Deputy County Counsel, and Brian Mahler, Deputy County Counsel, for Plaintiff and Respondent.

The juvenile court on February 1, 2023 sustained an amended petition filed by the Los Angeles County Department of Children and Family Services pursuant to Welfare and Institutions Code section 300, subdivisions (a) and (b)(1), and declared Daisy B. and Daniel B. dependent children of the court based on allegations that Eden B., the children's father, and Sandra P., the children's mother, had a history of engaging in violent altercations in the presence of the children (during which Eden was the aggressor) and that Eden had a history of mental and emotional problems including homicidal ideation. The court removed the children from Eden's custody and placed them in the home of their mother under the Department's supervision. Eden appealed the February 1 findings and orders. Sandra did not.

On July 28, 2023, while Eden's appeal was pending, the juvenile court terminated its jurisdiction and entered custody orders. Eden did not appeal the July 28 orders. We dismiss Eden's appeal as moot.

## DISCUSSION

"A court is tasked with the duty to decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it. A case becomes moot when events render it impossible for a court, if it should decide the case in favor of plaintiff, to grant him any effective relief. For relief to be effective, two requirements must be met. First, the plaintiff must complain of an ongoing harm. Second, the harm must be redressable or capable of being rectified by the outcome the plaintiff seeks." (*In re D.P.* (2023) 14 Cal.5th 266, 276 [cleaned up].)

Eden in his opening appellate brief contends insufficient evidence supports the juvenile court's jurisdiction findings and removal orders. He also asserts the court, among other alternatives, should have terminated its jurisdiction with a family law order.

After Eden filed his brief, the juvenile court on July 28, 2023 terminated jurisdiction and entered custody orders. Eden did not appeal or otherwise challenge the July 28 orders. On October 3, 2023 we requested the parties address in supplemental briefing whether the juvenile court's orders terminating jurisdiction mooted Eden's appeal and whether, even if moot, this court should exercise its jurisdiction to reach the merits of his appeal. The Department responded, arguing the appeal was moot. Eden did not file a supplemental brief.

We agree the appeal is moot. Eden does not contend there is any ongoing harm from the juvenile court's February 1, 2023 jurisdiction findings and disposition orders and does not dispute his appeal is moot. Nor has he identified any factors that would justify exercising our discretion to decide an otherwise moot appeal.

## DISPOSITION

The appeal is dismissed as moot.

PERLUSS, P. J.

We concur:

SEGAL, J.            MARTINEZ, J.

3